PER CURIAM.
This disciplinary proceeding is before us upon complaint of The Florida Bar and report of the referee. We have jurisdiction. Art. V, § 15, Fla. Const.
Neither party contests the referee’s report. The referee approved respondent’s conditional guilty plea for consent judgment wherein he acknowledged his violation of Florida Bar Integration Rule, article XI, rule 11.02(4) and Florida Bar Code of Professional Responsibility, Disciplinary Rule 9-102(A). The referee found:
1. An audit was performed of Respondent’s trust account. Said audit began in March 1985.
2. In March of 1985, it was determined that:
A) Respondent had commingled personal and trust funds.
B) There was poor maintenance of books and records and poor policies and procedures regarding the trust account.
C) No bank or client trust account reconciliation had been made.
D) Respondent had not given written authorization to his bank permitting said bank to notify The Florida Bar of the occurrence of any trust account check dishonored (absent of bank error) due to insufficient funds or uncollected funds.
E)At the beginning of March 1985, the trust account had a shortage of $7,305.18. Said amount was deposited to the account as soon as the shortage was determined.
3. The majority of the problems in the trust account resulted from poor supervision and poor record-keeping. A new bookkeeper was hired in April of 1985 and an outside accountant was retained to assist in the process of reconciling the bank and client trust records.
4. Respondent fully cooperated with The Florida Bar regarding the audit.
The referee recommended that respondent be found guilty in accordance with the conditional guilty plea and that
[rjespondent receive a public reprimand to be administered by his personal appearance before the Board of Governors of The Florida Bar and publication in the Southern Reporter and probation for a term of two (2) years. During the period of probation, [rjespondent shall submit an affidavit quarterly from a certified public accountant stating the he or she has reviewed [rjespondent’s trust account records and that said records are in compliance with the Integration Rule and Code of Professional Responsibility of The Florida Bar.
We adopt the referee’s findings of fact and recommended discipline. Fla.Bar In-tegr. Rule, art. XI, Rule 11.09(3)(f). Judgment for costs in the amount of $1,556.90 is hereby entered against the respondent, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and ADKINS, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.